IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ESTATE OF EUSEBIO CASTILLO
RODRIGUEZ, DECEASED, by its Special
Co-Administrators, Amanda Castillo and Cary
Rios, on behalf of the Estate and its Wrongful
Death Beneficiaries                                                                                PLAINTIFFS

v.                                          Case No. 1:23-cv-1006

UNION COUNTY, ARKANSAS;
ASSOCIATION OF ARKANSAS COUNTIES
RISK MANAGEMENT FUND; SHERIFF
RICKY ROBERTS; CAPTAIN RICHARD
MITCHAM; SGT. JOSEPH WALKA; SGT.
JEDEDIAH COTTON; CORRECTIONAL
OFFICER DEMARIO FREEMAN; SGT. JOHN
WARD; TURN KEY HEALTH CLINICS LLC;
TURN KEY HEALTH MEDICAL ARKANSAS,
PLLC; HARLEY WEST, LPN; KASIE SANFORD,
LPN; and DEANNA HOPSON, M.D.                                                                       DEFENDANTS

**ORDER**

Before the Court is Defendant Association of Arkansas Counties Risk Management Fund's ("AACRMF") Motion to Dismiss. ECF No. 91. Plaintiffs responded. ECF No. 96. AACRMF replied. ECF No. 106. Plaintiffs filed a sur-reply. ECF No. 109. The Court finds the matter ripe for consideration.

**I. BACKGROUND**[1]

On April 27, 2022, Eusebio Castillo Rodriguez ("Decedent") was arrested for driving while intoxicated, driving with a suspended license, and having an open container of alcohol in his vehicle. Decedent was released that same day from the Union County Detention Center ("UCDC") and later appeared in the Union County, Arkansas District Court on June 8, 2022, for a sentencing

---

[1] The factual background is taken from the allegations within Plaintiffs' Third Amended Complaint. ECF No. 73.

hearing. Though the sentencing judge initially suspended the two separate sentences against Decedent, an interpreter aiding that court through speakerphone mistranslated Decedent's comments which resulted in the judge reinstating the ten-day jail sentence for driving without a license. Decedent was immediately taken into custody after the sentencing hearing and then detained in the UCDC to serve his sentence.

Decedent's daughter, Plaintiff Amanda Castillo, informed the UCDC of Decedent's various health conditions, such as diabetes and hypertension, and dropped off his medications. The UCDC did not conduct an intake medical screening until roughly 26 hours after Decedent's initial intake on June 8, 2022. During the screening, Decedent was experiencing noticeable alcohol withdrawal symptoms which were documented by the medical personnel conducting the screening. Treating personnel did not provide or recommend any treatment for the alcohol withdrawal. After initially being placed into a group booking cell, Decedent was moved into one of the general population cell blocks in the UCDC at around 2:40 p.m. on June 10, 2022. That same day, Decedent's family communicated with him via video-call. The family noticed Decedent's alcohol withdrawal symptoms during the call, such as shaking and disorientation, and informed the UCDC of their concerns. Decedent made attempts to communicate his condition with UCDC personnel but no action was taken to provide medical assistance at that time.

Around midnight on June 12, 2022, UCDC personnel removed Decedent from his cell block because his painful moaning was disrupting other inmates' sleep. They then placed Decedent in a booking cell meant for solitary confinement. No efforts were initially made to provide further medical care or evaluation to Decedent, even though one guard witnessed Decedent "hunched over in pain" in the booking cell at around 8:30 p.m. on June 12, 2022. UCDC personnel then found Decedent "incoherent, and trembling severely while lying face down on the floor of his

2

solitary cell" at around 5:15 a.m. on June 13, 2022.  No personnel attempted to provide Decedent with medical care until one of the medical personnel, Nurse Kasey Sanford, arrived for her shift at 7:56 a.m. that day.  UCDC personnel then moved Decedent off the floor and into a wheelchair to transport him to the nurse's station.

UCDC personnel secured authorization from Judge Jack Barker to release Decedent from custody due to his medical condition.  They initially placed Decedent into a law enforcement vehicle for transportation to the Medical Center of South Arkansas ("MCSA"), but eventually called an ambulance to transport Decedent.  The ambulance arrived at the UCDC at roughly 9:00 a.m.  UCDC personnel did not inform Decedent's family of the ongoing medical emergency.  Upon calling the UCDC at 11:15 a.m. that morning, UCDC personnel informed family members that Decedent had been released from custody and left the detention center under his own power.  Plaintiff Cary Rios, Decedent's domestic partner, then visited the UCDC in person at around 11:30 a.m. and was again informed that Decedent was released and left the UCDC under his own power.

Decedent's family subsequently spent several hours searching for Decedent.  They then called the UCDC once more regarding Decedent and were finally informed that he was transported to the MCSA via ambulance.  Decedent's family arrived at the MCSA around 1:00 p.m. and shortly thereafter witnessed Decedent unresponsive and being prepared for helicopter transport to UAMS in Little Rock, Arkansas.  Decedent arrived at UAMS in critical condition and remained in intensive case from June 13, 2022, until his death on June 22, 2022.

Plaintiffs filed their initial Complaint in this Court on January 1, 2023.  ECF No. 2.  After multiple subsequent amendments, Plaintiffs filed their Third Amended Complaint on June 3, 2024, which is the operative complaint in this matter. ECF No. 73.  Plaintiffs brings claims pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, as well as state tort claims of negligence,

outrage, and wrongful death, against Defendants Union County, Arkansas, the AACRMF, Sheriff Ricky Roberts, Captain Richard Mitcham, Sgt. Joseph Walka, Sgt. Jedediah Cotton, Correctional Officer Demario Freeman, and Sgt. John Ward ("Municipal Defendants"). Plaintiffs also bring claims pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, as well as state tort claims of medical malpractice, outrage, and wrongful death against Defendants Turn Key Health Clinics LLC, Turn Key Health Medical Arkansas, PLLC, Harley West, LPN, Kasie Sanford, LPN, and Deanna Hopson, M.D. ("Medical Defendants"). Plaintiffs assert that this Court has original jurisdiction over their § 1983 claims pursuant to 18 U.S.C. § 1331 and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a).[2]

On June 17, 2024, Separate Defendant AACRMF filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a brief in support, generally arguing that Plaintiffs failed to state a claim against it because it is not subject to the Arkansas direct action statute cited by Plaintiffs and there is no other theory of liability against it. ECF Nos. 91 & 92. Plaintiffs responded in opposition, arguing that Defendant Union County, Arkansas ("Union County") is a medical provider and that the AACRMF is correspondingly subject to direct action. ECF Nos. 96 & 97. AACRMF replied, arguing that Union County cannot be viewed as a medical provider under the plain language of the statute. ECF No. 106. Plaintiff filed a sur-reply, arguing that Union County's constitutional duty to provide medical treatment for detainees makes it a medical provider under the applicable direct-action statute. ECF No. 109.

## II. LEGAL STANDARD

A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual

---

[2] The Court is satisfied that the allegations in Plaintiffs' Third Amended Complaint confer subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

allegations,' but it demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  While factual allegations in a complaint are presumed true, unsupported legal conclusions presented as facts are not sufficient to show a pleader is entitled to relief.  *See id*. (citations omitted).  There must be factual allegations underlying a complaint such that the claim of misconduct is sufficiently plausible on its face and not merely a possibility.  *See id*. at 678-79 (citations omitted).  Upon motion, a party against whom a claim for relief is sought may assert the defense that the claim is not one upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the complaint in the light most favorable to the non-moving party.  *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (citations omitted).

### III. DISCUSSION

Plaintiffs do not make factual allegations against AACRMF asserting direct involvement in Decedent's lack of medical care in the UCDC.  Rather, Plaintiffs assert that AACRMF "is a multi-county, self-funded insurance trust of Arkansas counties formed for legal services, including defense and financial protection when its participating counties have been sued, including defendant Union County." ECF No. 73, p. 7-8.[3]  Plaintiffs continue:

> To the extent defendant Union County claims and is entitled to immunity, AACRMF, who at all relevant times was a liability insurance carrier, self-insurance fund, pooled liability fund, or similar fund maintained by defendant Union County doing business in Union County, Arkansas, and who insures/indemnifies defendant Union County for claims such as those made in the lawsuit is named as a party and liable for the actions of defendant Union County pursuant to Ark. Code Ann. § 23-79-210.

*Id*. at p. 8.

---

[3] The Court is citing to the page number of the ECF document and not to the page numbers as they are labeled in Plaintiffs' Third Amended Complaint.

The statute that Plaintiffs state makes AACRMF liable for Union County's actions, Arkansas Code § 23-79-210, reads in relevant part:

> (a)(1) When liability insurance is carried by any cooperative nonprofit corporation, association, or organization, or by any municipality, agency, or subdivision of a municipality, or of the state, or by any improvement district or school district, or by any other organization or association of any kind or character and not subject to suit for tort, and if any person, firm, or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of the organization, association, municipality, or subdivision, its servants, agents, or employees acting within the scope of their employment or agency, then the person, firm, or corporation so injured or damaged shall have a direct cause of action against the insurer with which the liability insurance is carried to the extent of the amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy.
> (2) Any self-insurance fund, pooled liability fund, or similar fund maintained by a medical care provider for the payment or indemnification of the medical care provider's liabilities for medical injuries under § 16-114-201 et seq. shall be deemed to be liability insurance susceptible to direct action under this section.

Arkansas Code § 23-79-210(a)(1)-(2).

AACRMF argues that Plaintiffs' claims against it fail because it is not an "insurer" of Union County as described in § 23-79-210(a). ECF No. 92, p. 2-4. AACRMF contends that it does not function as an insurance carrier for counties and cites to this Court's finding in *Hearnsberger v. Bradley County*, No. 06-CV-1081, 2007 WL 2350287 (W.D. Ark. Aug. 16, 2007) and an Arkansas Circuit Court's recent determination (ECF No. 93-1) that the AACRMF is not an insurer under § 23-79-210(a)(1). AACRMF emphasizes the clear distinction made between the phrase "insurer" in paragraph § 23-79-210(a)(1) and the phrases "self-insurance fund" and "pooled liability fund" within paragraph (a)(2), and then asserts that Arkansas courts have recognized that distinction more generally. AACRMF then contends that there are no allegations to support a claim against it under paragraph § 23-79-210(a)(2), which only applies to medical providers.

In response, Plaintiffs argue that AACRMF is subject to suit under § 23-79-210(a)(2) because Union County is a medical provider. ECF No. 97, p. 2-3. Plaintiffs emphasize that Union

6

County has a non-delegable constitutional duty under the Eighth Amendment to provide medical care to those in its custody.  Thus, Plaintiffs contend that AACRMF's status as a self-insurance fund for Union County makes it subject to direct suit under paragraph § 23-79-210(a)(2) for the torts related to Union County's failure to provide Decedent with appropriate medical treatment while in custody.

In reply, AACRMF argues that Union County cannot be considered a medical provider under the plain language of § 23-79-210(a)(2).  ECF No. 106, p. 2-4.  AACRMF notes § 23-79-210(a)(2)'s reference to Arkansas Code § 16-114-201 and how that section provides a statutory definition of "medical providers" relevant to paragraph (a)(2).  Section § 16-114-201(2) reads:

> "Medical care provider" means a physician, certified registered nurse anesthetist, physician's assistant, nurse, optometrist, chiropractor, physical therapist, dentist, podiatrist, pharmacist, veterinarian, hospital, nursing home, community mental health center, psychologist, clinic, or not-for-profit home healthcare agency licensed by the state or otherwise lawfully providing professional medical care or services, or an officer, employee, or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services[.]

Ark. Code Ann. § 16-114-201(2).  AACRMF then contends that Union County cannot be considered a medical provider under that statutory language and that Plaintiffs consequently have no viable claims against it.

Plaintiffs' sur-reply contends that § 16-114-201(2)'s language regarding "otherwise lawfully providing professional medical care or services, or an officer, employee, or agent thereof acting in the course and scope of employment" applies to Union County through the Medical Defendants as its agents for contracted medical services.  ECF No. 109, p. 2-3.  Plaintiffs also reassert their argument that Union County must be considered a medical provider because of its constitutional duty to give necessary medical care to detainees.

7

The crux of the parties' arguments revolves around their differing readings of the statutory language within Arkansas Code §§ 23-79-210 and 16-114-201(2). The Supreme Court of Arkansas summarized its "clear and well established" approach for statutory construction with:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation.

*Smith v. ConAga Foods, Inc.*, 2013 Ark. 502, 4, 431 S.W.3d 200, 202 (internal citations omitted).

The Court finds that Plaintiff has failed to state a claim against AACRMF. As an initial matter, Defendant Union County has statutory immunity from tort actions. *See* Ark. Code Ann. § 21-9-301 (noting that counties have immunity from liability and suit from tort claims). The language within Arkansas Code § 23-79-210(a)(1) regarding entities that are "not subject to suit for tort" applies to Union County. *See Downing v. Lawrence Hall Nursing Ctr.*, 2010 Ark. 175, 15, 369 S.W.3d 8, 17 (noting that "not subject to suit for tort" means immune from suit). While Plaintiffs assert that AACRMF is an "insurer" subject to direct suit under § 23-79-210(a)(1) in their complaint, the Court views that as a legal conclusion that is not entitled to the presumption of truth like a factual allegation. *Iqbal*, 556 U.S. at 678. Moreover, this Court has previously determined that AACRMF is not an "insurer" of immune counties under § 23-79-210(a)(1) and consequently not subject to direct action under paragraph (a)(1). *See Hearnsberger*, 2007 WL 2350287 at *2 (citing *Kauffman v. Bd. of Tr. Of the Ass'n of Ark. Counties Risk. Mgmt. Fund,* No. 87-2076 (W.D.Ark.1988)). Therefore, there is no viable action against AACRMF under § 23-79-210(a)(1). *See id*.

Further, Union County is not a "medical provider" under § 23-79-210(a)(2) that would allow AACRMF to be treated as an "insurer" under paragraph (a)(1). Though § 23-79-210(a)(2) does not define "medical provider", the statute it references regarding indemnification for certain suits against medical providers, "§ 16-114-201 et seq.", does provide a definition. Under the "ordinary and usually accepted meaning" of the language within § 16-114-201(2), Union County cannot be viewed as a medical provider. *ConAga Foods*, 2013 Ark. 502, 4, 431 S.W.3d 200, 202. That language clearly applies to professions and entities whose purpose is to directly provide medical treatment, such as a physician, nursing home, or pharmacist. Ark. Code Ann. § 16-114-201(2). There is no reasonable reading of that language that would allow it to apply to a county. Consequently, Plaintiffs' emphasis on the language in § 16-114-201(2) making it applicable to an "officer, employee, or agent" of a medical provider is immaterial because Union County cannot be considered a medical provider from the start. Plaintiff's arguments regarding Union County's duties under the Eighth Amendment are similarly unpersuasive. The Court will not entertain an assertion that a county's broader constitutional duty to provide medical care to detainees creates a philosophical override of the plain language defining medical provider in § 16-114-201(2) for state tort claims.

Plaintiffs' claims and theories of liability against AACRMF rely entirely on Arkansas Code §§ 23-79-210(a)(1) or (a)(2) and fail as a matter of law. Accordingly, Plaintiffs claims against AACRMF must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant AACRMF's Motion to Dismiss (ECF No. 91) should be and hereby is **GRANTED**. Plaintiffs' claims against AACRMF are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge